# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

JIMMIE LOU SOTO,              )
                              )
        Plaintiff             )
                              )
v.                            )   Case No.  3:15-cv-01541-KOB-HGD
                              )
ANGELA HOLIDAY, et al.,       )
                              )
        Defendants            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jimmie Lou Soto, hereinafter referred to as the plaintiff, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded her under the Constitution or laws of the United States were abridged during her incarceration at Tuscumbia City Jail in Tuscumbia, Alabama.  (Doc. 1).  The plaintiff names Jailer Angela Holiday, Tuscumbia City Jail, and Colbert County Jail as defendants.  For relief, the plaintiff demands defendant Holiday be terminated from employment and "to have a civil suit . . . for mental and physical suffering."  (*Id.* at 3-4).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

### I.  Standard of Review

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. 28 U.S.C. § 1915A. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.*, 490 U.S. at 327, or the claim seeks to enforce a legal right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 557 (2007) (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

On March 7, 2015, Tuscumbia City Jailer Angela Holiday, Officers Wear and Wallace, and "several other officers did a cell search." (Doc. 1 at 4). Defendant Holiday "took the females into a room and" strip searched them. (*Id*.). Holiday made the plaintiff "bend over and she stuck her fingers inside of" the plaintiff's "vagina."

(*Id.*). The plaintiff "told the officers what" Holiday "had done," and "made the city call Colbert County Jail to take" her "to the hospital" the next day. (*Id.* at 4). The plaintiff informed the officer who transported her to the hospital and the doctor at Helen Keller Hospital of Holiday's actions. (*Id.*).

### III.  Analysis

**A.    Tuscumbia City Jail and Colbert County Jail**

The plaintiff names Tuscumbia City Jail and Colbert County Jail as defendants. However, city and county jails are not legal entities subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff's departments and police department); *Jackson v. Jefferson County Jail*, 2014 WL 2547950 at *3 (N.D. Ala. June 5, 2014). Accordingly, the plaintiff's claims against the Tuscumbia City Jail and Colbert County Jail are due to be dismissed.

**B.    Jailer Angela Holiday**

Although the plaintiff does not identify the specific claim being asserted, it appears she is alleging the body cavity search and the manner in which it was conducted by defendant Holiday violated her Fourth Amendment constitutional right to be from unreasonable searches. The reasonableness of a search is determined by "balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "In balancing

those interests there are four factors courts must consider: 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Powell v. Barrett*, 541 F.3d 1298, 1305 (11th Cir. 2008) (*en banc*) (quoting *Bell*, 441 U.S. at 569).

The Supreme Court and the Eleventh Circuit have applied these four factors in cases challenging jail policies requiring blanket strip searches (including visual body cavity inspections) of all convicted prisoners and detainees after exercising contact visitation, *see Bell,* 441 U.S. at 558, or blanket strip searches upon entering or re-entering general population, *see Powell*, 541 F.3d at 1300. The *Bell* Court acknowledged the lower court's description of a visual body cavity inspection as a "'gross violation of personal privacy[,]'" 441 U.S. at 558 (quoting *Wolfish v. Levi*, 572 F.2d 118, 131 (2nd Cir. 1978), and made clear that it did "not underestimate the degree to which these searches may invade the personal privacy of inmates," *id*. at 560.

Nonetheless, the Court found the search policy was justified by evidence of the need for jail safety and security, as long as the searches were reasonably conducted and non-abusive. *Powell*, 541 F.3d at 1306 (quoting *Bell*, 441 U.S. at 559 ("A detention facility is a unique place fraught with serious security dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence.");

*Bell*, 441 U.S. at 560 ("the searches must be conducted in a reasonable manner," and those conducted "in an abusive fashion . . . cannot be condoned").

> The bottom line of the *Bell* decision is that, after "[b]alancing the significant and legitimate security interests of the institution against the privacy interests of the inmates," the Supreme Court concluded that the visual body cavity inspections — the most intrusive part of the strip searches in that case — were reasonable under the Fourth Amendment. *Id.* at 559-60. The policy the Court upheld required that searches be conducted on every inmate after each contact visit, even without the slightest cause to suspect that the inmate was concealing contraband. *Id.* at 558.

*Powell*, 541 F.3d at 1306 (parallel citations omitted).

When the four factors are applied to the plaintiff's circumstances, it is clear the manual body cavity search defendant Holiday subjected her to is an even more gross violation of personal privacy than the visual body cavity search examined in *Bell*. Moreover, the allegations show that the search was not justified by a blanket policy applicable to all inmates for safety and security reasons. Instead, the plaintiff and other inmates were taken from their cell and escorted to a room where the manual body cavity search of the plaintiff took place in front of the other inmates. Based on the lack of discernible "need for the particular search" to "balance against the "invasion of the [the plaintiff's] personal rights," *Bell*, 441 U.S. at 559, the court

recommends that the plaintiff's Fourth Amendment claim against defendant Holiday, be allowed to proceed.

## IV.  Recommendation

Accordingly, for the reasons stated above, the magistrate judge **RECOMMENDS** that the claims against Tuscaloosa City Jail and Colbert County Jail be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). The magistrate judge further **RECOMMENDS** that the Fourth Amendment claim against Jailer Angela Holiday be **REFERRED** to the undersigned magistrate judge for further proceedings.

## V.  Notice Of Right To Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection.  Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint which the

report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DATED** this the 29th day of April, 2016.

/s/ Harwell G. Davis
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE